UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT NOTIONS, INC. | § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 3:06-CV-0909-B |
| KATHY HANSSEN, | § § § | |
| Defendant | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction and Venue (doc. 6) filed by Defendant Kathy Hanssen, pro se. For the reasons explained below, the Court GRANTS the motion and DISMISSES this case without prejudice for lack of personal jurisdiction.

### I. Factual and Procedural Background[1]

Plaintiff Great Notions is an Illinois corporation that creates art and embroidery designs and software, which it then licenses for individual and commercial reproduction. (Compl. ¶¶ 2, 10-13). Defendant Hanssen, a North Dakota resident, operates a hobby business, through which she sells embroidery. (Def.'s Mot. Dismiss, Aff. A). Great Notions contends that Hanssen deliberately copied thousands of its designs without permission and then sold the counterfeit embroidery to numerous consumers through the commercial auction website *www.ebay.com*.

---

[1]The background facts are derived from Great Notions' Complaint and on undisputed facts gleaned from the parties' court papers and corresponding attachments. Where there may be a dispute over a stated fact the Court has so indicated by claiming the fact as one stated by that party to be true.

("eBay"). (Compl. ¶¶ 5-6, 15, 24).

Great Notions alleges that Hanssen has directed multiple sales of pirated material to the state of Texas. (*Id.* ¶ 6). As proof, the company reports that certain of its Texas-based employees submitted bids on Hanssen's items, won the auctions, paid for the items through the internet service PayPal, and then engaged in electronic correspondence with Hanssen, who eventually shipped the items to addresses in Texas. (*Id.* ¶¶ 7, 21). According to Great Notions, the items purchased by the employees are its own pirated designs. (*Id.* ¶ 7). On May 22, 2006, Great Notions filed this suit against Hanssen asserting claims of copyright infringement and unfair competition under 17 U.S.C. § 101 et seq. (*Id.* ¶ 1).

For her part, Hanssen admits to selling embroidery and other miscellaneous items through eBay but denies targeting or deliberately seeking out Great Notions' designs to copy and sell. (Def.'s Resp. Pl.'s Resp. Def.'s Mot. Dismiss ¶ 1). Hanssen filed a timely response to the Motion to Dismiss.

## II. Analysis

**A.  Legal Standard**

Hanssen contends that she is not subject to personal jurisdiction in this district and moves the Court for dismissal on that basis. Great Notions opposes the motion and - being the plaintiff- bears the burden of proof on personal jurisdiction.[2] *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996)(citations omitted). In cases without an evidentiary hearing, the plaintiff meets this burden merely by establishing a prima

---

[2]"The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985).

facie case. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). In so doing, all "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Id.* (citations omitted). The Court, however, is not required to accept mere conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)(citations omitted).

In order to establish personal jurisdiction in Texas, two preconditions must be met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992). Because Texas's long-arm statute has been held to co-extend with the limits of due process, the Court need only determine whether jurisdiction over Hanssen is constitutionally permissible. *Id.* at 1067-68 (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990)). To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Id.* at 1068.

The "minimum contacts" test can be met by contacts giving rise to either general or personal jurisdiction. *Gundle*, 85 F.3d at 205. Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Id.* (citation omitted). "General personal jurisdiction is found when the nonresident

3

defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir.1999) (citation omitted). In either context, the Court considers the totality of the circumstances in conducting the minimum contacts analysis; no single factor is determinative. *Stuart*, 772 F.2d at 1192. The bottom line in the analysis is whether the nonresident defendant purposefully availed itself of the privilege of conducting business in the forum state, thereby invoking the benefits and protections of that state's laws. *Id*. at 1191.

**B.     General Jurisdiction**

Great Notions does not take issue with Hanssen's averments that she is not a resident of Texas, has no offices here, has not directed her marketing activities here, and has never traveled to this State. (Def. Mot. Dismiss, Aff. A). These uncontroverted allegations in Hanssen's affidavit indicate that she has not engaged in the type of substantial, systematic or continuous activity in Texas essential to a finding of general personal jurisdiction. *Marathon Oil*, 182 F.3d at 295. The Court accordingly finds no basis upon which to assert general jurisdiction over Hanssen.

**C.     Specific Jurisdiction**

General jurisdiction aside, the Court turns to the issue of specific jurisdiction and finds Great Notions' argument again wanting. The only factual support the company supplies for specific jurisdiction over Hanssen is its contention that Texas residents on occasion purchase the items she offers for sale on eBay, and that, in connection with those sales, Hanssen corresponds via email with those residents and ships her products to Texas. (Compl. ¶ 5). While Great Notions states in its complaint that Hanssen has sold copyrighted items on "other interactive

websites," it offers no factual support for this assertion and it will consequently be disregarded by the Court. (Compl. ¶ 8). Hanssen, on the other hand, has submitted affidavits containing factual support of her exclusive use of eBay to sell her embroidery. (Def.'s Mot. Dismiss, Aff. A)

The issue thus comes down to whether Hanssen's use of the eBay online auction process, alone, is sufficient to subject her to this Court's specific jurisdiction. In deciding this question, the Court takes judicial notice of the structure and format of eBay and its online auction process. *See generally*, *Action Tapes, Inc. v. Weaver*, No. 05-1693, 2005 WL 3199706, at *2 (N.D. Tex. Nov. 23, 2005) (Sanders, J.) (quoting *Fox v. West Palm Beach*, 383 F.2d 189, 194 (5th Cir. 1967) ("The most frequent application of the judicial notice doctrine is common knowledge."). Sellers on eBay begin by advertising an item for auction using a template interface. *Id*. The seller can establish a minimum bid for the item, after which point any potential buyer is free to bid on the item until the time period expires. *Id*. The highest bidder wins the auction, and eBay connects the buyer and seller to arrange payment and shipping. *Id*. Great Notions has not alleged any modification or alteration to this process by Hanssen. *cf. McGuire v. Lavoie*, No. 03-0161, 2003 WL 23174753, at *5 (N.D. Tex. Aug. 19, 2003) (Ramirez, Magistrate J.) (finding personal jurisdiction in a contract case because the eBay seller stopped the auction before its conclusion and entered into a direct and repeated traditional sales relationship with a known buyer).

Whether internet interaction with customers in a particular state can form the basis for specific jurisdiction over an individual in that state hinges upon the nature and quality of those internet contacts. *Mink* v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999)(quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997)). Here, this calls for determining whether Hanssen's use of eBay to auction the alleged pirated products - with

knowledge that the winning bidder may come from the state of Texas -constitutes the type of internet contact sufficient to subject her to specific jurisdiction in Texas.

In determining the nature and quality of her eBay contacts, both parties argue for application of the sliding scale approach set forth in *Zippo*.  952 F.Supp. at 1124.  The *Zippo* Court held that the propriety of exercising personal jurisdiction over a party in a case involving the party's internet contact is directly proportional to the commercial interactivity of the website over which the contact is made.  *Id*.  The greater the interactivity of the site, the more likely it is that personal jurisdiction will attach.  *Id.*  Great Notions contends that Hanssen's online activities fall on the highly interactive side of the spectrum and that, through eBay, Hanssen has asserted control over (a) the auction site which sells the counterfeit goods, (b) the customers she sells to, and (c) the location where the goods are shipped.  (Pl.'s Resp. Def.'s Mot. Dismiss ¶ III).

The plaintiff in *Weaver* also sought application of the *Zippo* scale in nearly identical circumstances to this case.  Like Great Notions, the plaintiff in *Weaver* sued the defendant for copyright infringement over allegedly selling its copyrighted embroidery designs on eBay.  2005 WL 3199706, at *1.  In rejecting use of the *Zippo* scale for eBay sellers, the district court noted that, while eBay is considered a fully interactive website, use of the sliding scale has only been applied to defendants who "own or exercise control over the sites in question." *Id*. at *2. Conversely, sellers on eBay merely "make use of the interactive commercial sites for which the [*Zippo*] standard was developed."  *Id*.  In *Action Tapes, Inc. v. Ebert*, another court also declined to extend use of the *Zippo* sliding scale to eBay users.  No. 05-1239, 2006 WL 305769, at *4 (N.D. Tex. Feb. 9, 2006).  Like Hanssen, neither of the defendants in *Weaver* and *Ebert* was alleged to

have altered or circumvented the eBay online auction process in any manner. *Id.*; *Weaver*, 2005 WL 3199706, at *2.

Both *Weaver* and *Ebert* ultimately concluded that eBay sales to a forum state did not constitute sufficient internet interaction to establish minimum contacts and specific jurisdiction. *Ebert*, 2006 WL 305769, at *4; *Weaver*, 2005 WL 3199706, at *3. Also, the majority of courts that have examined this issue have held that a party's mere use of an online auction process, such as eBay, does not create sufficient purposeful contacts with the forum state such to give rise to specific jurisdiction. *See, e.g., United Cutlery Corp. v. NFZ, Inc.*, No. CCB-03-1723, 2003 WL 22851946, at *4 (D.Md. Dec.1, 2003)(no intent to direct forum activity into state through eBay sale); *Machulsky v. Hall*, 210 F.Supp.2d 531, 541 (D.N.J. 2002)("single purchase through eBay does not constitute the requisite 'personal availment of doing business'" within forum state); *Winfield Collection, Ltd. v. McCauley*, 105 F.Supp.2d 746, 751 (E.D.Mich. 2000)(results of auction sale too "fortuitous"); *but see Tindall v. One 1973 Ford Mustang*, No. 05-73467, 2006 WL 1329168, at *1, 4 (E.D. Mich. May 16, 2006)("By selling a car [on the eBay Motors online auction] to a Michigan resident, Defendants have transacted business in the state, giving this Court personal jurisdiction over them.").

The Court agrees with the majority view. While eBay may indeed qualify as a fully interactive website under the "sliding scale," the lack of user control over the online auction process makes the scale ill-suited to determine personal jurisdiction when all a merchant has done is use eBay as a forum to sell her wares. Here, Hanssen's only dealings with Texas resulted from the mere fortuity that some of those customers who purchased her products on eBay happened to be located in Texas. Such contacts are not sufficient to subject her to specific

personal jurisdiction in the state of Texas. As noted in *Weaver*, "[this] contact is the exact type of 'random, fortuitous, and attenuated' event that the *Burger King* Court intended to exclude from jurisdictional reach. It is random in the method of initiating the sale; fortuitous in determining the buyer's identity; and, in this case, attenuated in degree." 2005 WL 3199706, at *3 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985)). 475. Hanssen is therefore not subject to this Court's personal jurisdiction.

### III. Conclusion

For the reasons set forth in this order, the Court GRANTS Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. This case is accordingly DISMISSED without prejudice for lack of personal jurisdiction.

**SO ORDERED.**

**SIGNED August 9th, 2006**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE